United States District Court
Southern District of Texas
**ENTERED**
December 31, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JASON D. SIMMONS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-347 |
| § | |
| FOOD SERVICE MANAGER § | |
| GONZALEZ, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, Plaintiff's Eighth Amendment claims against Food Services Manager Gonzalez and Captain Victor Francis are **DISMISSED with prejudice** for failure to state a cognizable constitutional violation and/or as frivolous.

## I.   JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the Plaintiff (D.E. 18), this case was referred to the undersigned United States Magistrate Judge to conduct all further proceedings, including entry of final judgment.  (D.E. 19).  *See* 28 U.S.C. 636(c).

## II.   BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the Gib Lewis Unit in Woodville, Texas.  He is forty years old and is serving a twenty-five year sentence for arson that was entered in February 2012; he is not eligible for parole.

On August 12, 2015, Plaintiff filed his original complaint alleging that on August 12, 2014, he fell and broke his right ankle while working in the Garza East kitchen. (D.E. 1).  Plaintiff alleged that Manager Gonzalez, who was in charge of the kitchen, was deliberately indifferent to his serious medical needs because he failed to obtain medical attention for Plaintiff after he fell, and he claimed that Captain Francis, who was in charge of maintenance, had allowed a dangerous condition to exist in the kitchen area. *Id.*

On September 3, 2015, Plaintiff filed a supplement to his complaint (D.E. 7), and also an affidavit in support of his complaint.  (D.E. 8).

On November 12, 2015, a *Spears*[1] hearing was conducted. The following allegations were made in Plaintiff's original complaint (D.E. 1), supplement (D.E. 7), affidavit (D.E. 8), or at the hearing:

Plaintiff arrived at the Garza East Unit in August 2012 and was housed there for approximately 22 months. When he arrived at Garza East, he was in good health. Plaintiff is 5'7' and weighs approximately 230 pounds. He was housed in general population and was assigned to work in the kitchen.

On August 25, 2014, at approximately 3 a.m., Plaintiff was working his shift in the bakery area of the kitchen. Plaintiff was wearing work boots with a rubber sole. The refrigerator in the bakery area drained onto the open floor resulting in water running approximately two feet on the ground to a nearby drain. This drainage system had been in place since Plaintiff began working in the kitchen in August 2012. Plaintiff had seen other inmates slip on the wet floor before. However, Plaintiff had never filed a grievance complaining about the drainage system nor had he complained to Captain Francis or anyone else that it was unsafe.

While carrying a load of food pans, Plaintiff slipped on the wet floor. One foot flew out from underneath Plaintiff, and he fell, landing on his right leg. Approximately five or six other inmates were in the area and saw Plaintiff fall. The other inmates made written statements apparently corroborating Plaintiff's explanation of the relevant facts. Plaintiff could not get up off the ground due to the pain in his leg, and after about five

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

minutes, Manager Gonzalez walked into the bakery area. Plaintiff told Manager Gonzalez that he had fallen and was hurt and could not get up. Manager Gonzalez thought Plaintiff was "playing." Manager Gonzalez told Plaintiff to stop playing around and to get up and back to work, and he left the area.

Plaintiff remained on the floor. He told the other inmates not to touch him because he was in so much pain. At times, he would blackout because of the pain. The inmate emergency alarm system was not operational so no alarms were pulled. Manager Gonzalez returned a second time and again told Plaintiff to stop playing and to get up. Again, Plaintiff told Manager Gonzalez that he had fallen and injured himself, and that he could not get up. Manager Gonzalez did not believe him and left the area again. The third time Manager Gonzalez returned to the area, Plaintiff was still on the floor. This time Manager Gonzalez realized that Plaintiff was serious and that he was injured. Manager Gonzalez called for a supervisor and for a wheelchair to come assist Plaintiff.

Plaintiff was taken to the Garza Unit infirmary. X-rays revealed that Plaintiff had broken his ankle in three places. Medical personnel placed his leg in a splint.

On August 28, 2014, Plaintiff was seen at John Sealy Hospital in Galveston, Texas. The splint had caused blisters on his leg and so he could not have surgery at that time and he was returned to the Garza East Unit.

On September 9, 2014, Plaintiff returned to John Sealy Hospital and a steel plate was placed in his ankle. Plaintiff has now reached maximum medical recovery, however, he has to wear a brace on his ankle and he uses a cane. He takes Ibuprofen for pain.

Plaintiff is suing Manager Gonzalez and Captain Francis in both their official and individual capacities for deliberate indifference to his serious medical needs, and he is seeking compensatory damages of $250,000 from each defendant, compensatory damages between $250,000-$500,000, and lifetime medical care.

## III. LEGAL STANDARD.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

## IV. DISCUSSION.

### A. Eleventh Amendment bars official capacity claims.

Plaintiff has sued Manager Gonzalez and Captain Francis in their official capacities for monetary damages. The Supreme Court has held that a suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In turn, the Eleventh

Amendment bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff is suing Manager Gonzalez or Captain Francis in their official capacities for money damages, those claims are barred by the Eleventh Amendment. Thus, Plaintiff's claims for money damages against defendants in their official capacities are dismissed with prejudice as barred by the Eleventh Amendment.

**B.  Eighth Amendment claims.**

The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation omitted). A prison official violates this duty when by act or omission he is deliberately indifferent to prison conditions which pose a substantial risk of serious harm. *Id.* at 834.

### (1) *Manager Gonzalez.*

Plaintiff claims that Manager Gonzalez violated his right to be free from cruel and unusual punishment by denying him adequate medical attention for approximately one hour, from the time he fell and broke his ankle to the time Manager Gonzalez realized Plaintiff was seriously injured and called for help.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303.(1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).  Deliberate indifference encompasses more than mere negligence on the part of prison officials.  It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. *Farmer*, 511 U.S. at 837.  Furthermore, negligent medical care does not constitute a valid § 1983 claim. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  *See also Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) ("[i]t is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim.").  As long as medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982).

Plaintiff fails to state a cognizable claim against Manager Gonzalez because he fails to establish that Manager Gonzalez knew, or should have known, that Plaintiff was suffering from a serious medical need.  Plaintiff testified that, on the first two occasions

when Manager Gonzalez walked in, Plaintiff was lying on the ground writhing in pain, but there were five or six other inmates in the area and Plaintiff would not let any of them assist him and none of them called for help. Plaintiff does not suggest that Manager Gonzalez remained for any length of time to observe him but was hurriedly passing in and out of the kitchen area, taking time only to tell Plaintiff to stop "playing around." Manager Gonzalez' own statements to Plaintiff reveal that he had no idea that Plaintiff was injured. Moreover, it would have been reasonable for Manager Gonzalez to assume that any individual who had observed the accident could have called for help, or assisted Plaintiff, or at least communicated to Manager Gonzalez what had actually occurred, but apparently no one did. When Manager Gonzalez returned the third time and Plaintiff was still on the floor, he then immediately called for a supervisor and a wheelchair. That is, as soon as he became aware of a serious medical need, Manager Gonzalez acted promptly and appropriately. Plaintiff fails to allege facts to suggest, let alone demonstrate, that Manager Gonzalez was aware of a serious medical need of Plaintiff's and then ignored that need, in deliberate indifference to Plaintiff's health and safety.

    *(2)    Captain Francis.*

Plaintiff claims that Captain Francis was in charge of maintenance and failed to maintain properly the Garza West kitchen property. Plaintiff also appears to hold Captain Francis responsible for the accident because he is a supervisor and is responsible for the acts of his subordinates. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins*

8 / 11

*v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted). Plaintiff has not alleged Captain Francis had any personal involvement in the incident other than being in charge of maintenance and a supervisor. Therefore, Plaintiff has not alleged a viable claim against this defendant.

Further, the Fifth Circuit has routinely rejected prisoner slip and fall cases finding that the claims amount to no more than unreasonableness or negligence, thus failing to establish the subjective component of *Farmer's* deliberate indifference test. *See Coleman v. Sweetin,* 745 F.3d 756, 764 (5th Cir. 2014). In *Coleman,* the Fifth Circuit affirmed the district court's § 1915A dismissal of the prisoner's slip and fall claim as frivolous and for failure to state a claim, noting:

> Coleman fails to state a claim as to the first prong of the F*armer* test. A slippery shower floor, although a potential hazard, is "a daily risk faced by members of the public at large." *Reynolds v. Powell,* 370 F.3d 1028, 1031 (10th Cir. 2004); *see also LeMarie v. Maass,* 12 F.3d 1444, 1457 (9th Cir.

> 1993); *Jackson v. Arizona,* 885 F.2d 639, 641 (9th Cir. 1989) ("slippery prison floors … do not state even an arguable claim for cruel and unusual punishment").

*Coleman,* 745 F.3d at 764.

Moreover, prior to *Coleman,* slip and fall cases were being rejected for failure to state a claim under the Eighth Amendment. *See e.g. Atkins v. Sheriff's Jail Avoyelles Parish,* 278 Fed. Appx. 438, 439 (5th Cir. 2008) (affirming dismissal of prisoner's slip and fall case based on a prison official's alleged failure to repair leaks that caused water puddles); *Noble v. Grimes,* 350 Fed. Appx. 892, 893 (5th Cir. 2009) (affirming dismissal as frivolous of prisoner § 1983 claim that defendant was deliberately indifferent by failing to correct slippery shower floor); *Beasley v. Anderson,* 67 Fed. Appx. 242, 242 (5th Cir. 2003) (same); *Marsh v. Jones,* 53 F.3d 707, 712 (5th Cir. 1995) (in non-prisoner case, finding no Eighth Amendment violation based on defendants' failure to warn of leaking or sweating air conditioning unit that made the floor wet). Other district courts have rejected similar slip and fall cases by prisoners. *See Robinson v. Cuyler,* 511 F. Supp. 161, 162-63 (E.D. Pa. 19810 (finding no Eighth Amendment violation based on slippery floor in prison kitchen); *Snyder v. Blankenship,* 473 F. Supp. 1208, 1212-13 (W.D. Va. 1979) (no Eighth Amendment violation based on pool of soapy water leaking from dishwasher in prison kitchen), *aff'd*, 610 F.2d 104 (4th Cir. 1980).

In this case, Plaintiff alleged that there was a pipe that ran for two feet to a drain and that this area was always wet and slippery. However, Plaintiff admitted that the drainage system had been configured in this manner since he arrived at Garza West in

August 2012, and he was well aware of this condition. Plaintiff offered no evidence that this is not exactly the manner in which the refrigerator is supposed to drain. Plaintiff was provided the appropriate shoes for working in the kitchen. He does not claim that he was ordered to run or forced to carry more trays than he was able. More importantly, Plaintiff never complained to Captain Francis either directly or by grievances prior to his fall that the drainage system was dangerous or posed a serious risk of harm. Working in the kitchen simply had some inherent risks, and unfortunately, Plaintiff fell and was injured. However, the drainage system did not amount to an Eighth Amendment violation for which Captain Francis can be held liable. Further, once officials were aware of Plaintiff's medical condition, Plaintiff was treated and provided appropriate medical care.

### V. CONCLUSION.

For these reasons, the Court finds that Plaintiff's allegations fail to state cognizable constitutional violations and his claims against Manager Gonzalez and Captain Francis are hereby **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

ORDERED this 31st day of December, 2015.

Jason B. Libby
United States Magistrate Judge