United States District Court
Southern District of Texas
**ENTERED**
April 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JASON D. SIMMONS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-347 |
| | § | |
| FOOD SERVICE MANAGER | § | |
| GONZALEZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff is a Texas inmate appearing *pro se* in this civil rights action. Pending is a motion filed by Plaintiff which the undersigned construes as motion for relief from judgment. (D.E. 28). For the reasons stated below, Plaintiff's motion for relief from judgment is **DENIED**.

### I. BACKGROUND

Plaintiff is a state prisoner currently incarcerated at the Gib Lewis Unit in Woodville, Texas. He filed this civil rights action on August 12, 2015, alleging violations of his 8th Amendment rights when he broke his ankle after he slipped in the prison kitchen at the Garza East Unit in Beeville, Texas. (D.E. 1). The case was reassigned to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 on the consent of Plaintiff. (D.E. 19). On December 31, 2015, Plaintiff's case was dismissed upon screening for failure to state a claim upon which relief can be granted and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## II. MOTION FOR RELIEF FROM JUDGMENT

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). Because Plaintiff did not file his motion within 28 days after entry of final judgment, it is treated as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) authorizes the Court to give relief from judgment in a number of situations including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief. Fed. R. Civ. P. 60(b)(1)-(6). In addition, Rule 60(b)(6) provides that a Court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)(citations omitted). This relief will be granted only if "extraordinary circumstances" are present. *Id*.

## III. ANALYSIS

In his motion for relief from judgment, Plaintiff does not contend that a new trial is warranted under any of the Rule 60(b) provisions (1) through (5). Therefore, he brings his challenge pursuant to the equitable power found in Rule 60(b)(6), which is available only if "extraordinary circumstances" exist. *Batts*, 66 F.3d at 747.

Plaintiff does not set forth the basis for his motion with clarity. However, it is apparent that Plaintiff disagrees with the rationale for dismissing the case upon screening. Plaintiff offers no new grounds to challenge the finding that his claims should be dismissed for failure to state a claim upon which relief can be granted and/or as frivolous. The facts and rationale for the dismissal are set forth in detail in this Court's Memorandum Opinion and Order of Dismissal (D.E. 20) and need not be recited again. However, a summary is appropriate. Plaintiff injured himself when he slipped and fell while working in the kitchen at the TDCJ Garza East Unit in Beeville, Texas. Plaintiff alleges he was not provided immediate medical care. Upon discovering Plaintiff's injury was serious, Plaintiff was treated by medical personnel and he received appropriate medical care. Plaintiff's accident and the resulting injury is unfortunate, however, they were not the result of deliberate indifference or other constitutional violation of Plaintiff's civil rights. In the instant motion Plaintiff has not established that extraordinary circumstances exist to grant his motion for relief from judgment.

## IV. CONCLUSION

Accordingly, Plaintiff's motion for relief from judgment (D.E. 28) is **DENIED**.

ORDERED this 27th day of April, 2016.

                                        Jason B. Libby
                              United States Magistrate Judge